EMICK, Respondent, v. NATIONAL TRAVELERS BENEFIT ASSOCIATION, Appellant.

(199 N. W. 595.)

(File No. 5377. Opinion filed July 19, 1924.)

1. **Insurance—Accident Insurance—Trial—Evidence—Insurer's Classification Manual Reducing Indemnity Shown in Accident Policy Held Admissible.**

   In an action on an accident policy providing for full indemnity, held that court erred in excluding insurer's classification manual, which would have shown that, if insured's application had correctly stated his occupation, he would have been insured under a hazardous classification, or a rider should have been attached lessening indemnity in case of injury while performing hazardous duties.

2. **Insurance—Accident Insurance—Insured Held Entitled to Indemnity as Dealer Handling Machinery.**

   Under accident insurer's classification, held, that insured, who owned and superintended farm, but whose principal occupation was that of dealer not handling machinery, and who

was injured while testing corn binder, was not entitled to full indemnity, nor limited to that specified for farmers, but entitled to that specified for dealers handling machinery.

Appeal from Circuit Court, Fall River County, HON. WALTER G. MISER, Judge..

Action by John E. Emick against the National Travelers' Benefit Association. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed and remanded.

E. B. Adams, of Hot Springs, for Appellant.

E. W. Martin, of Hot Springs, for Respondent.

Appellant cited:  1 C. J. 538; Bothell v. Nat. Casualty Co., 109 Pac. 590; Estabrook v. Union Casualty and Surety Co., 93 A. S. R. 916; Edmond v. Ins. Co., 33 S. D. 55; Fullenwider v. Supreme Council Royal League, 54 N. E. 485; Mondou v. R. R. Co., 223 U. S. 1, 56 L. ed. 327; Steen v. Modern Woodmen of America, 296 Ill. 104, 129 N. E. 546; Railroad v. Ternispeed, 219 U. S. 35; Lundbery v. Interstate Business Accident Assn., 162 Wis. 474, 156 N. W. 482; People v. Rose, 207 Ill. 352, 69 N. E. 762; Royal Arcanum v. Vitzthm, 128 Md. 523, 97 Atl. 823, L. R. A. 1917A, 179; Richards v. Travelers Ins. Co., 18 S. D. 827.

Respondent cited:  Johnson v. London G. & A. Co., (Mich.) 72 N. W. 1115; 1 C. J. 439, Sec. 90; Union Mutual Accident Assn. v. Frohard, 134 Ill. 228; Interstate Assn. v. Lester, 257 Fed. 225; Plinsky v. Ins. Co., 32 Fed. 47; Trow v. Accident Ins. Co., (Vt.) 67 Atl. 821.

GATES, J. Plaintiff recovered a judgment against defendant in the sum of $1,250 under an accident policy. Defendant appeals from the judgment and order denying new trial.

The policy was written under the company's classification AA or "Extra Preferred" and provided an indemnity of $1,250 for the loss of·one foot. Another more hazardous classification C applied·to farmers, and under it the indemnity was $250 for the loss of one foot. Another more hazardous classification was B, which applied to an agricultural implement agent, dealer, or merchant handling machinery. We are unable to find in the record the amount of indemnity under this classification. It was and is the contention of appellant that respondent was injured

while pursuing his work as a farmer and therefore that he was only entitled to recover the sum of $250.

The application for insurance signed · by respondent states, among other things:

"6 My occupation is postmaster; also agricultural imp. dealer  (If merchant or clerk state line of business).

"7. The duties of my occupation are fully described as follows:  Only as above.  Not handling machinery.

"8. My occupation does not include mechanical construction or any work with machinery, implements or automobiles except as follows:  Drives own car; otherwise, no exception."

The policy of insured also provided:

"If the assured is injured after having changed his occupation to one classified by the association as more hazardous than that stated in his application, or while doing any act or thing pertaining to any occupation so classified, except ordinary duties about his residence or while engaged in recreation or while engaged in an occupation designated in his application wherein he has failed to fully describe all of the duties in connection therewith, the association will pay such indemnities as are provided by its classification schedule in force at the time of the issuance of this certificate or that may be subsequently adopted."

As a matter of fact respondent owned, resided upon and superintended a farm adjoining the town, but his principal business was as stated in the application.  It was also the custom of agricultural implement dealers similarly situated to order repairs, place them on the implements, and test them.  The accident occurred while respondent was testing a corn binder under his duties as agricultural implement dealer "handling machinery," and was not in pursuance of his work as a farmer.

[1]  Appellant's classification manual, improperly rejected from the evidence, contained this paragraph:

"Applicants whose occupation is such as to occasionally require duties of a more hazardous nature than those of their regular occupation may be written in the classification of their regular occupation with a rider in which the applicants agree to accept the indemnities payable in the policies issued to those who are regularly engaged in performing the more hazardous duties of his occupation, if insured while doing such duties, example—

hardware merchant, office and counter duties only classified as "AA"; hardware merchant delivering is classified C. If the merchant did only a small amount of delivering he would be written in AA classification with rider reducing the indemnity payable to class C if injured while delivering."

If respondent's application for insurance had accurately stated the facts, he would have been insured under class B, or there should have been a rider attached to his policy which would have entitled him only to the indemnity of class C if he was injured while farming and to the indemnity of class B if he was injured while handling agricultural implements.

[2] We are of the opinion that the trial court did not err in denying appellant's motion that a verdict of only $250 be directed against it, but we are of the opinion that under the undisputed facts respondent was not entitled to a verdict of $1,250.

If the record before us disclosed the indemnity respondent would have been entitled to under class B, we would modify and affirm the judgment in acordance therewith, but since the record does not disclose such indemnity we must reverse the judgment and order denying new trial and remand the cause for new trial. No costs will be taxed in this court.

Note.—Reported in 199 N. W. 595. See, Headnote (1), American Key-Numbered Digest, Insurance, Key-No. 648(1), Accident insurance, 1 C. J. Sec. 315 (1925 Anno.); (2) Insurance, Key-No. 531, Accident insurance, 1 C. J. Sec. 346.